# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50528
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2018

Lyle W. Cayce
Clerk

HENRY JONES,

Petitioner-Appellant

v.

WARDEN SCOTT WILLIS,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CV-114

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Henry Jones, federal prisoner # 46810-112, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his convictions in for mail fraud, wire fraud, securities fraud, contempt, and transactional money laundering. The district court dismissed the petition because Jones did not satisfy the savings clause of 28 U.S.C. § 2255. The court subsequently denied Jones's motion for relief under Federal Rule of Civil Procedure 59(e).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50528

Section 2255's savings clause permits prisoners to challenge the validity of their convictions under § 2241 if they show that § 2255's remedy "is inadequate or ineffective." 28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause applies if the petitioner's claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. The district court correctly concluded that Jones does not meet either criterion. Thus, Jones also fails to show an abuse of discretion on his Rule 59(e) motion. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). And insofar as Jones urges us to overturn *Reyes-Requena*, we must decline that invitation. *See Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).

AFFIRMED.